IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01915-BNB

EARNEST D'MARCO JOHNSON,

    Petitioner,

v.

USA, and
C. DANIELS, Warden,

    Respondents.

---

## ORDER OF DISMISSAL

---

Petitioner, Earnest D'Marco Johnson, is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed *pro se* a "28 U.S.C. § 2241(a)(1) Motion for Relief from Judgment and/or Order" [Doc. # 1]. On July 24, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Johnson to respond and show cause why the motion under § 2241 should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Johnson filed a response to the order to show cause [Doc. # 6] on August 15, 2013.

The Court must construe Mr. Johnson's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

On August 23, 2002, a jury in the United States District Court for the Southern District of Illinois found Mr. Johnson guilty of one count of aggravated bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See United States v. Johnson*, No. 01-cr-30140-02-MJR, 2008 WL 4372033 at *1 (S.D. Ill. 2008) (unpublished). On appeal, the Seventh Circuit affirmed Mr. Johnson's conviction but ordered a limited remand with respect to his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). *Id.* The District Judge was directed to determine whether the same sentence would have been imposed had the Court known at the time of sentencing that the Sentencing Guidelines were merely advisory. *United States v. Seals*, 419 F.3d 600 (7th Cir. 2005). On December 7, 2005, the District Court advised the Court of Appeals that the sentence would have been no different had Johnson been sentenced post-*Booker*. *Id.*

In his § 2241 "Motion" filed in this Court, Mr. Johnson claims that the sentencing court unlawfully enhanced his sentence in violation of *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004). [Doc. # 1, at 3-7]. Mr. Johnson thus contends that his present incarceration is unlawful under the federal Constitution. [*Id.* at 10].

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." **Id**.

2

(citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction.").  Mr. Johnson bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Johnson fails to show that the remedy available to him pursuant to § 2255 is inadequate or ineffective to attack his sentence.  The mere fact the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render a § 2255 motion untimely does not establish that the statutory remedy is inadequate or ineffective.  *See Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (quoting *Williams*, 232 F.2d at 673) (internal quotations and citation omitted); *see also Caravalho*, 177 F.3d at 1179

3

(internal citations omitted). Therefore, Mr. Johnson must raise his claims in a § 2255 proceeding.

Mr. Johnson makes some vague assertions in his response to the order to show cause that the Bureau of Prisons may have calculated his federal sentence incorrectly. Applicant may challenge the Bureau's computation of his federal sentence in a new § 2241 action filed in this court. However, if Mr. Johnson files a new § 2241 action, he may not challenge the length of the sentence imposed by the sentencing court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion under 28 U.S.C. § 2241 is denied and this action is dismissed because Mr. Johnson fails to demonstrate that the remedy available to him in the United States District Court for the Southern District of Illinois is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Johnson may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of     August        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court